```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                    SOUTH BEND DIVISION
```

IN THE MATTER OF                )
                                )
URSULA MARIE SHARAFINSKI,       )    CAUSE NO. 3:06-CV-787 RM
                                )
            Debtor              )
************************************************
MESHACK O. OSIRO,               )
                                )
            Appellant           )

OPINION and ORDER

This case has traveled from the bankruptcy court to the district court and back again over the past year all because of an electronic filing mistake. Meshack Osiro appeals the bankruptcy court's second dismissal of Cause No. 05-50318. For the reasons set forth below, the court affirms the bankruptcy court's dismissal.

The mistake giving rise to this action took place on October 16, 2005, when two bankruptcy cases were filed in the United States Bankruptcy Court for the Northern District of Indiana by the Hains Law Firm, LLP: cause no. 05-50307, a Chapter 7 bankruptcy on Ursula Sharafinski's behalf, and cause no. 05-50318, a Chapter 7 bankruptcy on Meshack Osiro's behalf. In both cases, documents were filed pursuant to the bankruptcy court's electronic filing system. The electronic filing system assigned cause no. 05-50318 to Mr. Osiro's case and issued a "Notice of Bankruptcy Case Filing," indicating that Meshack O. Osiro had

1

filed a Chapter 7 petition and paid the filing fee, and a "Notice of Electronic Filing," which indicated Mr. Osiro had filed a "Signature Page of Voluntary Petition and Verification of Creditor Matrix." The voluntary petition filed on Mr. Osiro's behalf, however, was the petition of Ursula Sharafinski. It appears that Mr. Hains's paralegal, Nancy Wright, had been filing a substantial number of cases the weekend before the new bankruptcy law, BAPCPA, went into effect and when she went to upload Mr. Osiro's petition into the bankruptcy court's electronic filing system, she didn't realize that the system had automatically defaulted to the last petition filed, Mrs. Sharafinski's petition. Because it was late on Sunday night, Ms. Wright didn't open the PDF file of the petition to verify that it was Mr. Osiro's petition. She then separately filed Mr. Osiro's signature page and verified creditor matrix.

After cause no. 05-50318 was filed, a case administrator in the clerk's office noticed that the data entry naming Mr. Osiro as the debtor, information typed in by Ms. Wright, didn't correspond with the name on the voluntary petition. The case administrator changed the docket caption to Ms. Sharafinski's name to reflect the petition that had been filed with the court. Fifteen days after the petition had been filed, the bankruptcy court issued an order in cause no. 05-50318 with the caption "In re Ursula Marie Sharafinski, Debtor" noting that Mrs. Sharafinski hadn't signed the petition and affording her three days to file a proper signature. Mr. Osiro responded by filing a "Motion to Correct Scrivener's Error and to Amend Caption" stating that he was the debtor in cause no. 05-50318 and an

2

error had occurred in the filing of his bankruptcy petition. He also moved for additional time to submit a proper document. The court denied Mr. Osiro's motions. The court also denied Mr. Osiro's ensuing "Motion to Alter Order Striking Voluntary Petition and Dismissing Case," and dismissed cause no. 05-50318 on November 17, 2005.

Mr. Osiro appealed that decision in this court pursuant to 28 U.S.C. § 158(a). On May 30, 2006, this court, relying heavily on Bankruptcy Rule 1009(a), which provides that a debtor may amend a voluntary petition "as a matter of course at any time before the case is closed," vacated the dismissal of cause no. 05-50318 and remanded the case to the bankruptcy court for further proceedings.

The bankruptcy court held an evidentiary hearing on August 3, 2006 to decide whether the remand required further proceedings. Judge Dees questioned — and allowed Mr. Yarbro, an associate in the Hains Law Firm, to cross-examine —Ms. Wright and two bankruptcy court employees: Mr. Stewart, CM/ECF project manager, and Mr. De Toro, Clerk of the United States Bankruptcy Court. On November 28, 2006, Judge Dees issued a thirty-five page "Memorandum of Decision" that summarized the testimony given and arguments made as well as the analysis employed in reaching the conclusion that allowing Mr. Osiro to amend his petition would be impossible. Judge Dees then ordered Ursula Sharafinski's voluntary petition stricken and dismissed the case for failure to comply with the court's October 31 order by filing signature pages.

Mr. Osiro argues that in determining who is a debtor in a bankruptcy case, the signature page, caption and creditor matrix should control over the voluntary petition. Mr. Osiro also argues that pursuant to Bankruptcy Rule 1009, he should be allowed to amend the petition at any time. Lastly, Mr. Osiro contends that the bankruptcy court erred in viewing his attempt to amend the petition as an attempt to substitute one debtor for another. A bankruptcy court's findings of fact may only be set aside if they are found to be clearly erroneous. In the Matter of Kmart Corp., 381 F.3d 709, 712 (7th Cir. 2004). Legal conclusions, as well as mixed questions of law and fact, are reviewed de novo. Mungo v. Taylor, 355 F.3d 969, 974 (7th Cir. 2004). Mr. Osiro's appeal contests the bankruptcy court's factual finding that his attempt to amend the petition was essentially an attempt to substitute a new debtor. Mr. Osiro also disagrees with the court's legal conclusions regarding Bankruptcy Rule 1009, a matter on which the court must conduct a de novo review. Village of San Jose v. McWilliams, 284 F.3d 785, 790 (7th Cir. 2002) ("The construction of the Bankruptcy Code is a question of law we review de novo.").

In Mr. Osiro's first appeal, the court had neither as thorough of a record of the events that transpired nor the benefit of the bankruptcy court's analysis in dismissing the case. As the bankruptcy court sees it, the crux of the problem in allowing Mr. Osiro to amend his petition is that Mr. Osiro has no case before the court. "A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may

4

be a debtor under such chapter." 11 U.S.C. § 301. The bankruptcy code defines debtor as a "person or municipality concerning which a case under this title has been commenced," 11 U.S.C. § 101(13), so the petitioner who files a petition with the bankruptcy court begins a voluntary case and is a debtor. For further support that a bankruptcy case is only commenced by the filing of a petition, the bankruptcy court pointed to the definition of "petition" in the bankruptcy terminology section of the bankruptcy code: "A 'petition' is the document which initiates the Title 11 bankruptcy case under either Chapter 7, Chapter 9, Chapter 11, Chapter 12, or Chapter 13. No other document in the Bankruptcy Code or Rules is referenced as a 'petition'." These definitions compel the conclusion that if there is no petition filed by the debtor in question then there is no case.

    Mr. Osiro argues that in deciding who is a debtor in a bankruptcy case, the signature page, caption and creditor matrix should control over the petition. Mr. Osiro cites cases that emphasize those documents' integral importance, but none of the cases cited states that those documents control when a bankruptcy case is filed. In re Phillips, 317 B.R. 519 (8th Cir. B.A.P. 2004) (imposing sanctions against an attorney for filing a bankruptcy petition without the debtor's signature); In re Lyman, 166 B.R. 333, 337 (Bankr. S.D. Ill. 1994) (since plaintiffs were omitted from the creditor matrix and had no notice or knowledge of debtor's bankruptcy proceeding in time to file a dischargeability complaint, the debts owed by debtor to them fell within the exceptions to discharge provision.); In re AM Int'l, Inc., 142 B.R. 252 (Bankr. N.D. Ill. 1992) (holding that the debtor's failure to

5

include debtor company's prior name in caption of notice of bar date precluded reasonable notice to creditor.). Those cases do not persuade the court that the petition does not control the filing of a bankruptcy case.

Mr. Osiro further argues that even if the petition controls the filing of a bankruptcy case, the permissive nature of Bankruptcy Rule 1009 should allow him to amend. Bankruptcy Rule 1009(a) states: "A voluntary petition, list, schedule or statement may be amended by the debtor as a mater of course at any time before the case is closed." Since there is no pending case for Mr. Osiro, the bankruptcy court reasoned that what Mr. Osiro was asking it to do was to swap debtors, a request that has been rejected by it and several other courts. A well-reasoned case from the Bankruptcy Court for the Northern District of Georgia speaks directly to this issue:

> Although there are many decisions citing this rule [1009(a)] in connection with amendments of schedules, the court could find no reported case dealing with the amendment of a petition. As to petitions it seems likely that the drafters of this rule intended to facilitate corrections of clerical errors and to permit amendments of allegations of jurisdictional facts supporting voluntary or involuntary petitions. No one would seriously argue that the rule would permit an amendment to substitute a new and different debtor. The identity of the debtor and the debtor's estate obviously cannot be a moving target that leaves trustees and creditors guessing whether an amendment may retroactively invoke the automatic stay to protect a totally different entity than the one identified in the original petition.

In re Clinton, 166 B.R. 195, 198 (Bankr. N.D. Ga. 1994). An earlier case from the bankruptcy court for this district reached a similar result. In In re Bradley, 342 B.R. 783 (Bankr. N.D. Ind. 2005), debtor's counsel tried to file multiple petitions

6

before BAPCPA became effective. Counsel meant to file a petition for Mr. Austin, but instead attached the PDF of Mr. Bradley's petition. When the court ordered Mr. Bradley to show cause why the duplicate case should not be dismissed, debtor's counsel filed a motion explaining the mistake and asking to substitute Mr. Austin's petition for Mr. Bradley's. The court denied that motion stating:

> The court recognizes that Attorney Livarchik did not intend to file two Bradley cases. The attachment of the wrong PDF file is an understandable mistake, particularly when the attorney was filing 30 cases two days before BAPCPA became effective. However, it is not a mistake caused by the court, such as a lack of notice or an ECF error....The attorney's failure to match the bankruptcy petition to the data input for the intended filer, Austin, cannot be found to be excusable neglect.

In re Bradley, 342 B.R. at 790.

This court agrees with the bankruptcy court that the petition—not the signature, caption or creditor matrix—governs the filing of a bankruptcy case, so Mr. Osiro has no case pending before the court. To allow Mr. Osiro to amend his petition to essentially change debtors goes against precedent and does not appear to have been intended by the drafters of Bankruptcy Rule 1009(a). Additionally, amendment at this late stage would create substantial problems for creditors trying to determine when the automatic stay went into effect and for the bankruptcy court in determining whether payments made after the initial filing were preferential transfers.

For these reasons, the court AFFIRMS the decision of the bankruptcy court.

SO ORDERED.

ENTERED:     February 15, 2007    


                               /s/ Robert L. Miller, Jr.      
                          Chief Judge
                          United States District Court